IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:11-po-008 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| SLAWSON EXPLORATION COMPANY, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Timothy Q. Purdon, United States Attorney for the District of North Dakota, and Cameron W. Hayden, Assistant United States Attorney, Defendant, Slawson Exploration Company, Inc., by its attorneys, Gregory E. Goldberg and Jason Crow, agree to the following:

1. Defendant acknowledges the Information charges a violation of Title 16, United States Code, Sections 703 and 707(a).

2. <u>Corporate Authorization</u>. The Defendant represents that it is authorized to enter into this Plea Agreement and to bind itself to its terms. The guilty plea is to be entered by the Defendant through an agent who has been duly and properly authorized by the Defendant to enter the guilty plea in this case and to act for the Defendant.

3. Defendant has read the charge and Defendant's attorneys have explained the charges to Defendant.

4. Defendant fully understands the nature and elements of the charged crime.

5. Defendant will voluntarily plead guilty to the Information.

6. The parties agree this Plea Agreement shall be filed as part of the Court record, and be governed by Federal Rule of Criminal Procedure 11(c)(1)(C).

7. <u>Maximum Statutory Penalties</u>: The Defendant understands that the crime alleged in the Information, to which it will plead guilty, is a Class B misdemeanor. (Title 16, United States Code, Section 707(a), Title 18, United States Code, Section 3559(a)(7)). The Defendant understands that the maximum statutory penalty for an organization convicted of the crime charged in the Information is a fine of not more than $15,000 (Title 16, United States Code. Section 707), probation for up to five years (Title 18, United States Code. Section 3561(c)(2)) and a special assessment of $50 (Title 18, United States Code, Section 3013 (a)(1)(B)(ii)).

Defendant agrees to pay the Clerk of United States District Court the $50 special assessment on or before the day of sentencing.

8. Defendant will plead guilty because Defendant is in fact guilty of the charge. In pleading guilty to the charge the Defendant acknowledges that:

a. On or about the date(s) listed in the Information, and within the District of North Dakota, the Defendant, through a person or entity acting on its behalf, did take (meaning, in this case, "wound" or "kill," pursuant to Title 50, Code of Federal Regulations, Section 10.12) (including attempts) as that term is defined in

Title 50, Code of Federal Regulations, Section 10.12, and as listed in Title 50, Code of Federal Regulations, Section 10.13.

b.      The taking was unlawful, in that neither the Defendant nor the person or entity acting on its behalf obtained a permit or other valid authorization to take (kill) the migratory birds listed in the charge.

c.      Between on or about May 6, 2011 and June 20, 2011 investigation established the offense charged in the Information was committed and that the Defendant committed the offense, without specific intent, as described below:

    1.      Slawson Exploration Company, Inc. operates in the State of North Dakota and is licensed by the North Dakota Secretary of State under identification number 3325100.

    2.      Slawson Exploration Company, Inc. extracts mineral deposits from land within the exterior boundary of North Dakota to include oil and oil by-products.

    3.      Title 50, Code of Federal Regulations, Part 10.13 provides a list of migratory birds which includes the mallard (Anas platyrhynchos), gadwall (A. strepera), blue-winged teal (A. discors), northern pintail (A. acuta), redhead (Aythya americana), common goldeneye (Bucephala clangula) as migratory birds.

4. The United States Fish and Wildlife Service (USFWS) does not issue permits to oil companies to take migratory birds in concert with oil production activities which includes but is not limited to Slawson Exploration Company, Inc.

5. On May 6, 2011, Service Special Agent (SA) Richard Grosz and Service Contaminants Specialist (CS) Micah Reuber inspected an oil production facility which was further identified by a placard on the site as the Vixen Federal #1-19-30H (Vixen). According to the placard, Vixen was owned by Slawson Exploration Company, Inc. and was further located at Township 152N, Range 91W, Section 19, Mountrail County, North Dakota.

6. On May 19, 2011 SA Grosz, Service Special Agent (SA) Kevin Downs, and CS Reuber inspected an oil production facility which was further identified by a placard on the site as the Golden Eye 2-2H (Golden Eye). According to the placard, Golden Eye was owned by Slawson Exploration Company, Inc. and was further located at Township 153N, Range 91W, Section 2, Mountrail County, North Dakota.

7. On June 20, 2011 SA Grosz and SA Downs inspected an oil production facility which was further identified by a placard on the site as the Shad Rap 1-2-3H (Shad Rap). According to the placard, Shad Rap was

4

owned by Slawson Exploration Company, Inc. and was further located at Township 152N, Range 92W, Section 29, Mountrail County, North Dakota.

8. On June 20, 2011 SA Grosz and SA Downs inspected an oil production facility which was further identified by a placard on the site as the Jericho 2-5H-1F (Jericho). According to the placard, Jericho was owned by Slawson Exploration Company, Inc. and was further located at Township 151N, Range 92W, Section 5, Mountrail County, North Dakota.

9. On June 20, 2011 SA Grosz and SA Downs inspected an oil production facility which was further identified by a placard on the site as the Pike Federal 1-3-3H (Pike). According to the placard, Pike was owned by Slawson Exploration Company, Inc. and was further located at Township 153N, Range 91W, Section 2, Mountrail County, North Dakota.

10. On June 20, 2011 SA Grosz and SA Downs inspected an oil production facility which was further identified by a placard on the site as the Armada Federal 1-14-13H (Armada). According to the placard, Armada was owned by Slawson Exploration Company, Inc. and was further located at Township 151N, Range 92W, Section 14, Mountrail County, North Dakota.

11. On June 20, 2011 SA Grosz and SA Downs inspected an oil production facility which was further identified by a placard on the site as

5

the Muskrat Federal 1-28-33H (Muskrat). According to the placard, Muskrat was owned by Slawson Exploration Company, Inc. and was further located at Township 151N, Range 92W, Section 28, Mountrail County, North Dakota.

12. On June 20, 2011 SA Grosz and SA Downs inspected an oil production facility which was further identified by a placard on the site as the Hunter 1-8-17H (Hunter). According to the placard, Hunter was owned by Slawson Exploration Company, Inc. and was further located at Township 151N, Range 92W, Section 8, Mountrail County, North Dakota.

13. On June 20, 2011 SA Grosz and SA Downs inspected an oil production facility which was further identified by a placard on the site as the Atlantis Federal 1-34-35H (Atlantis). According to the placard, Atlantis was owned by Slawson Exploration Company, Inc. and was further located at Township 152N, Range 92W, Section 34, Mountrail County, North Dakota.

14. Upon inspection of the aforementioned un-netted Slawson Exploration Company, Inc. reserve pits, the following dead and oiled migratory birds were located and collected:

> Vixen Site: one mallard
> Golden Eye Site: two blue-winged teal, one redhead, and one gadwall
> Shad Rap Site: one common goldeneye
> Jericho Site: one migratory bird of unknown specie

6

       Pike Site: one duck of the genus Aythya
       Armada Site: one northern pintail
       Muskrat Site: one gadwall
       Hunter Site: one mallard
       Atlantis Site: one mallard

15. Upon inspection of the un-netted reserve pits, SA Grosz noticed an oil sheen on the fluid of each of the reserve pits. Further, SA Grosz observed and collected three mallards, two blue-winged teal, one redhead, two gadwall, one common goldeneye, one duck of the genus Aythya, and one northern pintail, all of which had the presence of oil on their feathers. It reasonably appeared the three mallards, two blue-winged teal, one redhead, two gadwall, one common goldeneye, one duck of the genus Aythya, and one northern pintail died as a result of exposure to the contents of the oil reserve pit.

9. <u>Acceptance of Responsibility</u>. The Defendant accepts responsibility for the actions alleged in the Information. It further acknowledges and agrees to voluntarily take measures to minimize and prevent future migratory bird mortalities in the District of North Dakota.

10. Defendant understands that by pleading guilty Defendant surrenders rights, including:

  (a) The right to a speedy trial and related rights as follow:

    (ii) There is no right to a jury trial for Class B Misdemeanor; therefore,

7

at trial the Judge would find the facts and determine whether Defendant was guilty beyond a reasonable doubt.

(iii)  At a trial, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and cross-examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

11.  Defendant understands that by pleading guilty Defendant gives up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained these rights, and consequences of Defendant's waiver.

12.  The parties agree that the Sentencing Guidelines are not mandatory and do not apply to Class B misdemeanors.

13.  The parties jointly agree to the following sentence:

(a)  no term of probation or supervision;

(b)  no fine;

(c)  special assessment of $50; and

(d)  in furtherance of the sentencing principles provided under Title 18, United States Code, Section 3553(a), the Defendant shall make a community service payment of $12,000.00 to be paid to the National Fish and Wildlife Foundation (NFWF).

8

14. <u>Non-Prosecution of Additional Offenses</u>.  As part of this Plea Agreement and in consideration of the Defendant's cooperation, plea of guilty to the Information, and acceptance of responsibility, the government agrees to forego additional criminal prosecution of the Defendant in the District of North Dakota for any other criminal environmental offenses involving the unlawful taking of migratory birds or other wildlife which:  (a) occurred before the date of this Plea Agreement or occur on or before June 15, 2012; (b) are known to the government at the time of the signing of this Plea Agreement; and/or (c) are not presently the subject of negotiation or litigation between the Defendant or its subsidiaries, agents, or employees, and the government.

15. Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments under this Plea Agreement.  In that event, this Plea Agreement shall become null and void, at the discretion of the United States, and Defendant will face the following consequences:  (1) all testimony and other information, other than that provided pursuant to Fed. R. Evid. 410, Defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal grand jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those

9

additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statement, or false declaration if Defendant commits such acts in connection with this agreement or otherwise.

16. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce Defendant to plead guilty.

17. Defendant is aware of the right to appeal provided under Title 18, United States Code, Section 3742(a). Because this Plea Agreement is tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C), Defendant hereby waives this and any right to appeal the Court's entry of judgment against Defendant and its sentencing decision. Defendant further waives all rights to contest Defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255. Should the Court reject the Plea Agreement, Defendant will be permitted to withdraw its plea, the parties will be released from their commitments under this Plea Agreement, and the Plea Agreement shall become null and void.

AGREED:

TIMOTHY Q. PURDON
United States Attorney

Dated: 10/24/11   By: _____
CAMERON W. HAYDEN
Assistant United States Attorney

10

SLAWSON EXPLORATION COMPANY, INC.

Dated: 10/19/2011      By: _____
                           R. Todd Slawson          (Name)
                           President                (Title)

HOLLAND & HART, LLP

Dated: 10/20/11        By: _____
                           GREGORY E. GOLDBERG, ESQ.
                           JASON CROW, ESQ.
                           Attorneys for Defendant, Slawson Exploration Company, Inc.

11